## B. B. JEFFERSON v. JOHN F. CUBBINS, ET AL.

Western Section. December 7th, 1926.

No petition for Certiorari was filed.

1. **Brokers.   Where an owner lists property with a real estate broker purporting to be the sole owner he is liable for the broker's commission.**

   Where a party placed real estate with a broker for sale, purporting to be the sole owner, and the broker obtained a purchaser and then a joint owner refused to sign the contract, held the broker is entitled to recover his commission from the party placing the real estate with him for sale.

2. **Brokers.   If broker knows party placing land with him for sale is not the sole owner, the rule is different.**

   Where a party owning the remainder interest in real estate placed it with a real estate broker for sale and the broker knew at the time that another party owned a life interest in the real estate and the remainderman did not purport to represent the life tenant, and thereafter, the broker secured a contract for the sale of the property and the life tenant refused to sign, held that the broker could not collect his commission.

Appeal from Chancery Court, of Shelby County; Hon. Wightman Hughes, Chancellor.

Affirmed.

McGee, Livingston & Farabough, and T. L. Campbell, all of Memphis, for appellant.

C. C. Gillespie, and G. P. Douglas, all of Memphis, for appellee.

SENTER, J.   Complainant B. B. Jefferson filed the original bill in this cause seeking to recover of defendants, John F. Cubbins and Mrs. Kate F. Baker, for commissions alleged to be due to complainant, a real estate agent, for the alleged negotiation of the sale of certain real estate owned by defendants in the city of Memphis. At the trial of the cause the Chancellor denied the relief sought and dismissed the bill as to both defendants, taxing complainant with the costs.   From the decree of the Chancellor dismissing the bill, the complainant has appealed to this court and has assigned the following errors:

"1.

The court erred in finding of fact as follows: "At the time the complainant accepted this employment, he knew that Cubbins was the owner of the remainder interest only in the property and that Mrs. Baker had a life estate therein."

2.

The court erred in holding that the complainant, B. B. Jefferson, was not entitled to the recovery of commission against the defendant John F. Cubbins.

3.

"The court erred in dismissing the bill of the complainant and taxing the complainant with the costs of the cause."

While the original bill sued both John F. Cubbins and his mother, Mrs. Kate F. Baker, alleging that both defendants were the owners of the property listed with him for sale as a real estate agent, and that he was employed by both defendants to negotiate a sale of the property, from the above assignments of error it will be observed that complainant does not complain at the action of the Chancellor in not rendering a judgment in favor of complainant against defendant Mrs. Kate F. Baker, but by the second assignment of error it is contended that "the court erred in holding that the complainant, B. B. Jefferson, was not entitled to the recovery of commission against the defendant John F. Cubbins."

It appears from the record that B. B. Jefferson for many years prior to March 23, 1922, was engaged as a real estate agent in the city of Memphis, and had made several sales of real estate for the defendants; that some time prior to March 23, 1922, defendant Cubbins listed with the complainant as a real estate agent certain property situated in the city of Memphis, and on which there were about thirty-two negro tenant houses. It appears that John F. Cubbins was the son of Mrs. Kate F. Baker, and this property, as was also other property which complainant had sold for defendants, was part of the estate owned by the first husband of defendant, Mrs. Baker, and the father of her son, the defendant John F. Cubbins, and in which Mrs. Kate F. Baker owned the life estate and the defendant John F. Cubbins owned the remainder interest therein, subject alone to the life estate of his mother, defendant Mrs. Kate F. Baker. The contention is made for appellant on this appeal that at the time this property was listed with complainant by defendant Cubbins, and the time he was employed by Cubbins to negotiate the sale of the property at the price of $25,000, complainant did not know, and was not informed by defendant Cubbins, that defendant Mrs. Kate F. Baker, owned a life estate in the property, or any other interest in the property. We do not think this contention can be sustained either by the pleadings or the proof. Complainant alleges in the original bill that the contract of employment was by both the defendants. He then alleges in the bill that pursuant to his said employment by the defendants he procured a purchaser for the property at a price and upon

terms satisfactory to the defendants, and that on March 23, 1922, one Abe Novick signed a written contract by the terms of which he agreed to purchase the property at the price of $25,000, of which $5,000 was to be allowed said Novick for certain property situated in the city of Memphis and owned by him and to be conveyed by him as the cash payment "upon the property of defendants," and the balance due the defendants to be paid in monthly notes of $100 each. It is then alleged in the bill that said written contract "was accepted by the defendants and they agreed to accept said Novick as purchaser of said property at said price and upon said terms." It is then alleged in the bill "that the defendants agreed to pay complainant the regular and usual real estate commission paid in the city of Memphis upon such sales, and the complainant at the request of defendants agreed to accept said commission upon the basis and valuation of $20,000." On page 14 of the deposition of complainant is contained the following:

"Q. How long before March 23, 1922, had the defendants listed this property with you for sale? A. Over a year.

"Q. During that time had you one or more conversations with the defendants in regard to selling the property? A. Yes, sir, Mrs. Baker would call me up over the telephone and also when I would see her about other transactions and insist upon me selling the property."

On page 15 of the transcript the complainant in his deposition was asked and answered as follows:

"Q. State what price the defendants authorized you to take for the property? A. $25,000 in trade or sale.

"Q. What requirements did they make with reference to terms of sale? A. Well, they said they would sell the property on almost any terms at that figure."

It also appears that complainant had sold other property in the city of Memphis for the defendants, and had represented them as real estate agent, and was their advisor with reference to real estate owned by them for a period of about fifteen years, and was well aware that Mrs. Kate F. Baker owned a life estate in all the property and that her son, defendant John F. Cubbins, owned the remainder interest subject to her life estate. We think the Chancellor was well warranted in finding this fact in favor of the defendants and against the contention of complainant. The first assignment of error is accordingly overruled.

It appears that shortly before March 23, 1922, complainant interested Abe Novick in the purchase of this property at the price of $25,000, and the said Novick signed a contract to purchase the property at the price of $25,000, and by the terms of the contract he was to put in a house and lot owned by him on Trigg Avenue

in the city of Memphis at the price of $5,000, which would operate as the cash payment, and was to execute notes at the rate of $100 each, payable one each month, with interest at the rate of six per cent per annum, aggregating the sum of $20,000. It appears that the details of this matter of the exchange of the property and the terms of the sale were discussed between the complainant and the defendants. The contract was signed by B. B. Jefferson, agent, and on the bottom of the sheet upon which the blank form of contract is written, appears the following:

"I accept and agree to the terms of above sale.

"John F. Cubbins, Owner.

"I agree to purchase the property above described upon the terms of this contract, and I further agree that if I fail to comply with this contract I will pay to B. B. Jefferson regular commissions upon the amount of this sale.

"A. Novick, Purchaser."

It appears that Mrs. Kate F. Baker did not sign or consent to this written contract, and her signature does not appear thereon. She owned the life estate in the property.

It appears that the property to be conveyed by A. Novick at a valuation of $5,000, was encumbered by a mortgage thereon of $1200, and this encumbrance on the property was unknown to both defendants when the contract of sale was made. All the parties met at the title department of the Union & Planters Bank & Trust Company, in April, 1922, and it seems that Mrs. Baker was present, but not assenting to the trade. At that time, and in pursuance of the written contract, it appears that Novick and wife executed a deed of conveyance to Trigg Avenue property, but which conveyance was made subject to the $1,200 mortgage encumbrance thereon, and at the same time the deferred payment notes and a trust deed on the property of defendants which Novick was purchasing were executed by Novick and wife. When it was discovered that the Trigg Avenue property belonging to Novick was encumbered by the $1200 mortgage debt, it was proposed by Novick and agreed to by Cubbins that the $1200 could be taken care of by additional notes to that amount to be secured by the same trust deed, which Cubbins was taking from Novick on the property which he was selling to him in the same way and manner that the $20,000 balance of the purchase price was secured. It appears that Cubbins assented and agreed to all the terms, and proceeded to execute a deed to the property owned by him and his mother, but Mrs. Baker refused to sign the deed. Certainly the transaction could not be consummated without Mrs. Baker joining in the deed, and the proposed purchaser A. Novick could not be required to accept a deed to the property unless Mrs. Baker joined in the deed.

The Chancellor filed a written finding of facts, and without setting out his finding of facts, we deem it sufficient to say that we fully concur in the finding of facts as found by the Chancellor, and that his finding of facts is supported by a preponderance of the evidence.

In the view of the case we have taken the material question is as to whether the complainant, at the time this property was listed with him, and at the time he undertook to negotiate a sale of the same, then knew that Mrs. Baker was the owner of the life estate in the property. If at the time defendant John F. Cubbins listed this property with the complainant for sale and procured the complainant to negotiate a sale of the property, the complainant did not then know that Cubbins was not the sole owner of the property, we think the complainant would be entitled to recover against the defendant Cubbins the usual amount of commissions provided he procured a purchaser ready and willing and able to purchase the property on terms satisfactory to Cubbins. We are also of the opinion that if at the time the property is listed with the agent, and at the time the owner or one of the owners represents that he is authorized to represent all of the owners of the property in listing the property for sale and making the contract with the agent for the sale of the property, and the agent acts upon the representations so made by the owner, or one of the owners, procures a purchaser at the price and on the terms at which the property is listed, who is ready, willing and able to purchase the property at the price and on the terms stipulated, and the sale is not consummated because of the refusal of one owning an interest in the property to join in the deed, the real estate agent would be entitled to recover his commissions from the person who listed the property with him, and who claimed to be the sole owner, or if not the sole owner to represent those interested with him in the ownership. Parker v. Walker, 86 Tenn., 565.

We are of the opinion that by a clear preponderance of the evidence in the record the complainant was entirely familiar with the state of the title to the property in question at the time it was listed with him for sale by defendant Cubbins, and that he then knew that Mrs. Baker owned a life estate in the property, and that Mr. Cubbins only owned the remainder interest. There is nothing in the record to warrant a conclusion that Cubbins represented to complainant at the time the property was listed, and the alleged contract made with complainant for a sale of the property, that Mrs. Baker authorized Cubbins to list the property with complainant on any terms acceptable to Cubbins. At most it would only appear that Mrs. Baker had knowledge of the fact that her son John F. Cubbins, had listed this property with complainant for

sale, and at the price of $25,000, but the terms to be satisfactory to both owners. The terms would have to be satisfactory to both Cubbins and Mrs. Baker. It would also have to appear that the proposed purchaser procured by complainant, was ready, willing and able to purchase the property on the terms agreed upon by the parties. When it came to closing the transaction it was discovered that the house and lot on Trigg Avenue, which Novick, the proposed purchaser, was to convey to defendants at the agreed price of $5,000, representing the cash payment was encumbered by $1200 mortgage debt. Novick did not propose to pay off and discharge this encumbrance debt so as to clear this property of the encumbrance, but did propose to have defendants accept the deed to the property subject to the encumbrance debt, and then to execute notes covering the $1200 to be secured by the mortgage which he proposed to give back on the property he was purchasing from defendant. This was not according to the terms of the contract previously signed by Novick and defendant Cubbins. While this arrangement seemed to be acceptable to Cubbins, it was not satisfactory or acceptable to Mrs. Kate F. Baker, and even though she had signed the contract, and even though it be admitted that she had authorized her son to list the property with complainant at the price of $25,000 on terms satisfactory to her, if the new proposed arrangement did not meet with her approval and was not satisfactory to her, then in that situation the negotiation failed, and the complainant had not, in fact, procured a purchaser, ready, willing and able to purchase the property on the terms satisfactory to all parties interested.

It results that all assignments of error are overruled and the decree of the Chancellor is affirmed. Complainant and surety on his appeal bond will pay the costs of this appeal.

Owen and Heiskell, JJ., concur.